**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

I, Timothy Palchak, being duly sworn, depose and state the following:

1.  I have been a police officer with the Metropolitan Police Department since 1994. In 2000, I was promoted to Detective Grade 2 and am currently serving at this rank. During my twelve year tenure with the Metropolitan Police Department I have been assigned to the Third District Patrol Operations, Prostitution Enforcement Unit, and I'm currently assigned to the Northern Virginia Regional Internet Crimes Against Children Task Force. I've received training in the following subject areas: Family Violence and Child Protection, Basic Investigator Course, Interview and Interrogation, Sexual Assault Nurse Examination, Children's Hospital Conference on Responding to Child Maltreatment, Child Abuse and Child Exploitation Investigation techniques, undercover Internet Crimes Against Children (ICAC) investigations course and Image scanning. I've also made numerous arrests and interviewed numerous victims, witnesses, and suspects. As well I've also participated in numerous child abuse investigations, child sex abuse investigations and ICAC investigations. In November of 2005, I received cross designation training from Immigration and Customs Enforcement (ICE).

2.  This affidavit is being submitted in support of a search warrant for the following:

    A.  A Dell Computer desktop, in grey and black coloring

    B.  "taurus51052" (who is further decribed above), or use of Yahoo! Internet Chat rooms.

    C.  All records, including keys, storage combinations, passwords, and paperwork. (further described in Attachment A)

    D.  Envelops, letters, documents, and other correspondence. etc (further described in Attachment B)

**Initiation of the investigation**

3.     On Tuesday, September 26, 2006, your affiant, a detective with the Metropolitan Police Department, was acting in an undercover capacity as part of a multi-jurisdictional Internet Crimes Against Children (ICAC) Task Force.  Your affiant was operating out of a satellite office in Washington, D.C.  Your affiant logged into a Yahoo! Internet chat room using the screen name "daddysgrldc."  The defendant, using the screen name "taurus51052" initiated contact with your affiant in a Yahoo! Internet chatroom.  Your affiant identified "daddysgrldc" as a thirteen year-old female child residing in the District of Columbia.  "taurus51052" identified himself as a fifty-three year-old male who usually resides in New York , but  was presently located  on New York Avenue, N.E. in Washington, D.C.

4.      During the course of the conversation the affiant and the defendant exchanged photographs via the Internet.  The affiant sent a picture of a young child in a bathing suit.  The defendant sent several photographs of himself including pictures of his erect penis, buttocks and face.  The defendant then discussed having sex with "daddysgirldc."  After sending a picture of his erect penis, defendant asked "daddysgirldc", "would mine fit inside u ok?" Also, defendant asked "daddysgirldc" "when is your period", and when "daddysgirldc" expressed concern about getting pregnant, defendant said, "id take it out before cumming".  Defendant also asked "daddysgirldc" if she had pubic hair yet, asked her "do u want to see what a hard penis is like?", and he told "daddysgirldc" that "u could slide your pussy back and forth on it without going inside."

5.     The defendant  agreed to meet "daddysgrldc" at xxxx Adams Street, Northeast Washington, DC. at 9:30 p.m. on that same evening, September 26, 2006.  On September 26, 2006, at approximately 9:45 p.m. Law enforcement officers saw defendant driving a black Camry bearing New York tags at Adams Street and Downing Street, N.E. in Washington, D.C.  This location is approximately one-quarter block away from xxxx Adams Street, N.E.  in

Washington, D.C. Defendant was identified as "taurus51052" who sent his own picture to "daddysgirldc".

6.  Defendant admitted to being inside his office on New York Avenue, N.E., on the evening of September 26, 2006.

7.  Further investigation revealed that defendant is an employee at the Washington Times located at xxxx New York Avenue, N.E., and works in a office on the first floor of that building in the "Human Resources" office.

8.  Based on the affiant's knowledge, training and experience, the affiant knows that data storage devices, including computers, located in or previously seized from defendant's home may be important to this criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, or instrumentalities of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize computer hardware, software, and electronic files that are evidence of crime, contraband, instrumentalities of crime, and/or fruits of crime. In this case, the warrant application requests permission to search and seize both computers and other data storage devices as evidence and instrumentalities of crime as well as data stored in devices that are also evidence and/or contraband.

9.  Based on the affiant's knowledge, training and experience, the affiant knows that engaging in Internet chat room conversations can create evidence of the chat that will be stored on the computer used to access the Internet chat room service. Based on the affiant's knowledge, training and experience in investigations involving computers and electronic evidence, the affiant knows that incriminating evidence can be hidden or otherwise reside on almost any part of a computer's memory. Directories, files names and file extensions need not disclose the true nature of the contents of a file, making it easy for criminals to hide evidence.

Accordingly, searching computers and other storage devices for the evidence described below may require a range of data analysis techniques. In cases such as this one, it is often not possible for agents to gather all relevant materials through "keyword" searches or by looking for only particular directories, file names, or file types. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the disk not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described below.

10. Based on the affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, the affiant knows that adults who seek out children in Internet chat rooms and attempt to meet those children for sex, often also access child pornography, often accessing such contraband over the Internet and storing such contraband on computer storage devices. The affiant knows that child pornographers generally prefer to store images of child pornography in electronic form as computer files and that further records of Internet activity in search of child pornography can be found on computers used for this purpose.

**Definitions/Terms**

A. **The terms records," documents," and materials**," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing,

4

typing) or electrical, electronic, magnetic or photo-optical form (including, but not limited to, tape recordings, cassettes, compact discs, electronic, photo-optical or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

    B. **Yahoo!** is a commercial computer service, also known as a commercial bulletin board, offering subscribers the ability to communicate online with other individuals through, *inter alia*, chat rooms, e-mail and/or instant messaging.

    C. **An Internet chat room** is an electronic meeting room provided by Yahoo! and other similar services that allows groups of two or more Internet users to have conversations. An Internet user using an Internet chat room chooses a unique identifier, i.e., a screen name, in order to identify himself or herself to other users of the service. To communicate using a Yahoo! Internet chat room, each user must have access to a computer that is connected to the Internet such that it can communicate with Yahoo! chat servers located in California. Each Yahoo! chat room user can communicate with other users also logged in to Yahoo! at the same time in real time through chat rooms, private chat rooms, or instant messages. Within the system, text messages as well as other types of messages (such as graphic images or photographs) can be sent to a user. Both text and graphics files can be saved to the user's computer=s hard drive or other electronic media for access and printing at any time.

5

## ATTACHMENT A

**Items to be searched**

The two items to be searched are:

A.  Dell computer desktop, in grey and black coloring


## ATTACHMENT B

**Property to be Seized**

A.  "taurus51052, or use of Yahoo! Internet chat rooms.

B.  All records, including keys, storage combinations, passwords, and paperwork which indicate any other storage containers or facilities, that could contain evidence of collection, advertising, transport, distribution, receipt, or possession of child pornography.

C.  Envelops, letters, documents, and other correspondence, including but not limited to, electronic mail, chat logs, IRC logs, ICQ logs, all other usage records for distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct, or to show evidence a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and posses visual depictions of minors engaged in sexually explicit conduct.

**Conclusion**

6

Based on the foregoing, I, Detective Palchak, respectfully submit that there is probable cause to believe that Randall Casseday using the screen name "taurus51052" has violated 18 U.S.C. § 2423(b). I, therefore, respectfully request that the Court issue a search warrant authorizing a forensic search and examination of the aforementioned items.

_____
Detective Timothy Palchak
Metropolitan Police Department

SWORN TO and SUBSCRIBED before me this _____ day of September, 2006, by the said Detective Timothy Palchak.

_____
UNITED STATES MAGISTRATE JUDGE